UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CELINA INSURANCE GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| LARRY E. YELEY AND LARRY AND ) | Case Action No.1:22-cv-865 |
| CAROL YELEY FAMILY LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

**CELINA INSURANCE GROUP'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Celina Insurance Group ("Celina"), by counsel, for its Complaint for Declaratory Judgment against Defendants, Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership, states:

**JURISDICTION AND VENUE**

1. This is a civil action for declaratory and other relief brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to determine a controversy between Plaintiff Celina and Defendants, Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership, arising out of an insurance contract.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332 ($75,000).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Court has personal jurisdiction over Defendant, Larry E. Yeley, whose residence is in this district.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the events or omissions giving rise to this lawsuit occurred in this district.

## PARTIES

5. Plaintiff Celina is a corporation subject to Ohio's corporation laws and incorporated under the laws of the State of Ohio with its principal place of business in Celina, Mercer County, Ohio. Ohio Rev. Code Ann. § 3941.01 et seq. and primarily Ohio Rev. Code Ann. § 3941.26. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Celina is a citizen of the State of Ohio.

6. Defendant Larry E. Yeley is domiciled at 3641 W. State Road 234, McCordsville, Indiana 46055, and is a citizen of Indiana.

7. Defendant Larry and Carol Yeley Family Limited Partnership is a Domestic Limited Partnership with its principal office located at 3641 W. State Road 234, McCordsville, Indiana 46055 in Hancock County, Indiana. Larry and Carol Yeley Family Limited Partnership is a citizen of Indiana.

## BACKGROUND

8. Celina issued a Farm Security Policy No. 7941006-0 with a policy period of February 22, 2011 through February 22, 2012 to Larry E. Yeley and Carol E. Yeley ("the 2011-2012 Celina Policy"). A true and accurate copy of the 2011-2012 Celina Policy is attached as Exhibit 1.

9. Celina issued a Farm Security Policy No. 7941006-0 with a policy period of February 22, 2012 through February 22, 2013 to Larry E. Yeley and Carol E. Yeley ("the 2012-2013 Celina Policy"). The 2012-2013 Celina Policy was amended effective December 19, 2012 to list the Named Insureds as Larry E. Yeley, Carol E. Yeley Family Limited Partnership, Larry E. Yeley, Carol E. Yeley Family Limited Partnership #2 Undivided ½ Interest. A true and accurate copy of the 2012-2013 Celina Policy is attached as Exhibit 2.

10. Celina issued a Farm Security Policy No. 7941006-0 with a policy period of February 22, 2013 through February 22, 2014 to Larry E. Yeley and Carol E. Yeley Family Limited Partnership ("the 2013-2014 Celina Policy")(collectively "the Celina Policies"). A true and accurate copy of the 2013-2014 Celina Policy is attached as Exhibit 3.

11. On May 2, 2014, the Indiana Department of Environmental Management ("IDEM") sent Larry E. Yeley a Notice of Violation under Case No. 2013-22079-Q ("the IDEM Notice"). A true and accurate copy of the May 2, 2014 IDEM Notice at attached as Exhibit 4.

12. The IDEM Notice alleges that IDEM has reason to believe that Larry Yeley has violated environmental rules. Exhibit 4.

13. The IDEM Notice alleges that Larry Yeley owns the property located at S CR 600 W (Site) located in Yorktown, Delaware County. Exhibit 4 at ¶ 1.

14. The IDEM Notice alleges that on April 28, 2008, IDEM staff conducted an inspection at the Site. During this inspection it was observed and documented that forested wetland had been cleared, including the mechanical clearing of stumps to convert the land to agriculture. Exhibit 4 at ¶ 2.

15. The IDEM Notice alleges that in May, 2008, the Natural Resources Conservation Service (NRCS) confirmed to IDEM staff that 15.8 acres of isolated forested wetlands at the Site were cleared for the purpose of agriculture. Exhibit 4 at ¶ 2.

16. The IDEM Notice alleges that on June 9, 2008, IDEM issued a Violation Letter to Larry Yeley for impacts to 15.8 acres of isolated forested wetland converted to agriculture. The letter requested that Larry Yeley either restore the area or apply for and receive an after-the-fact (ATF) certification. A wetland delineation was completed for the property but a restoration plan or an application for ATF certification was never received by IDEM. Exhibit 4 at ¶ 2.

17. The IDEM Notice alleges that in December 2009, IDEM staff inspected the Site and observed the Site appeared to be restoring itself. Exhibit 4 at ¶ 2.

18. The IDEM Notice alleges that in February 2013, IDEM staff inspected the Site and found soybean stubble and un-harvested soybeans within the previously forested wetland area. Exhibit 4 at ¶ 2.

19. The IDEM Notice alleges that IDEM issued Violation Letters on March 14, 2013, May 23, 2013 and July 10, 2013, each of which were for the new clearing and lack of compliance with the 2008 Violation Letter. Larry Yeley indicated in his responses that he has not committed violations at the Site. Exhibit 4 at ¶ 2.

20. The IDEM Notice alleges that pursuant to IC 13-30-2-1, it is unlawful for any person to discharge, emit, cause, or allow any contaminant or waste, including any noxious odor, either alone or in combination with contaminants from other sources in the environment in any form that causes or would cause pollution that violates or would violate rules, standards, or discharge or emission requirements adopted by the appropriate board under the environmental management laws. Exhibit 4 at ¶ 3.

21. The IDEM Notice alleges that during the above noted inspections conducted at the Site by IDEM and NRCS on April 28, 2008, May, 2008 and February 2013, it was observed that Larry Yeley had cleared and graded a forested wetland resulting in the redistribution of fill, in violation of IC 13-30-2-1. Exhibit 4 at ¶ 3.

22. The IDEM Notice alleges that pursuant to 327 IAC 2-1-6(a)(1), all surface waters at all times and at all places, including the mixing zone, shall meet the minimum conditions of being free from substances, materials, floating debris, oil or scum attributable to municipal, industrial, agricultural, and other land use practices or other discharges that will settle to form puirescent or otherwise objectionable deposits, that are in amounts sufficient to

be unsightly or deleterious, that produce color, odor or other conditions in such degree as to create a nuisance, which are in amounts sufficient to be acutely toxic to, or to otherwise severely injure or kill aquatic life, other animals, plants, or humans.  Exhibit 4 at ¶ 4.

23.     The IDEM Notice alleges that pursuant to IC 13-30-2-1, it is unlawful for any person to discharge, emit, cause, or allow any contaminant or waste, including any noxious odor, either alone or in combination with contaminants from other sources in the environment in any form that causes or would cause pollution that violates or would violate rules, standards, or discharge or emission requirements adopted by the appropriate board under the environmental management laws.  Exhibit 4 at ¶ 4.

24.     The IDEM Notice alleges that during the above referenced inspections conducted at the Site by IDEM and the NRCS on April 28, 2008, May 2008 and February 2013, it was documented that Larry Yeley had cleared and graded a forested wetland, resulting in objectionable deposits, and Larry Yeley had failed to maintain and protect existing beneficial uses, degraded the water quality, and interfered with the existing and potential uses of the wetlands at the Site, in violation of 327 IAC 2-1- 6(a)(1) and IC 13-30-2-1.  Exhibit 4 at ¶ 4.

25.     The IDEM Notice alleges that pursuant to IC 13-18-22 and 327 IAC 17-1, a person proposing a wetland activity in a state regulated wetland must obtain a permit to authorize the wetland activity.  Exhibit 4 at ¶ 5.

26.     The IDEM Notice alleges that Larry Yeley did not obtain a permit before clearing and grading a forested wetland, in violation of IC 13-18-22 and 327 IAC 17-1. Exhibit 4 at ¶ 5.

27.     The IDEM Notice alleges that in accordance with IC 13-30-3-3, the Commissioner herein provides notice that violations may exist and offers an opportunity to enter into an Agreed Order providing for the actions required to correct the violations and, as necessary and appropriate,

for the payment of a civil penalty. The Commissioner is not required to extend this offer for more than 60 days. Exhibit 4.

28. The IDEM Notice alleges that as provided in IC 13-30-3-3, an alleged violator may enter into an Agreed Order without admitting that the violations occurred. IDEM encourages settlement by Agreed Order, thereby resulting in quicker correction of the environmental violations and avoidance of extensive litigation. Timely settlement by Agreed Order may result in a reduced civil penalty. Also, settlement discussions will allow the opportunity to present any mitigating factors that may be relevant to the violations. Exhibit 4.

29. The IDEM Notice alleges that if an Agreed Order is not entered into within 60 days of receipt of this Notice of Violation, the Commissioner may issue a Notice and Order under IC 13-30-3-4 containing the actions that must be taken to correct the violations and requiring the payment of an appropriate civil penalty. Pursuant to IC 13-30-4-1, the Commissioner may assess penalties of up to $25,000 per day for each violation. Exhibit 4.

30. On September 14, 2018, IDEM issued a Notice and Order to Larry & Carol Yeley Family Limited Partnership ("the IDEM Order"). The findings in the IDEM Order are nearly identical to the allegations in the IDEM Notice. A true and accurate copy of the September 14, 2018 IDEM Notice and Order is attached as Exhibit 5.

31. Larry & Carol Yeley Family Limited Partnership, by counsel, are appealing the IDEM Order.

32. On January 25, 2022, Larry Yeley and Larry & Carol Yeley Family Limited Partnership, by counsel, requested coverage for the claims asserted by IDEM. This was Celina's first notice of the IDEM Notice or the IDEM Order.

33. On February 3, 2022, Celina sent Larry Yeley a reservation of rights letter for the IDEM claims.

34. On February 16, 2022, March 7, 2022, and March 18, 2022, Celina requested the recorded statement of Larry Yeley to assist in its investigation of the claim. Mr. Yeley has refused to provide a recorded statement. At the recommendation of Mr. Yeley's counsel, on April 13, 2022, Celina sent written questions to Mr. Yeley. Mr. Yeley has not responded to Celina's written questions.

35. On May 3, 2022, Celina denied coverage for the claims against Larry E. Yeley and Larry & Carol Yeley Family Limited Partnership.

36. There exists a present and existing controversy concerning Celina's duty to defend and indemnify Larry E. Yeley and Larry & Carol Yeley Family Limited Partnership for the claims asserted by IDEM.

**COUNT I- NO OCCURRENCE**

37. Celina incorporates its allegations contained in paragraphs 1-36 as if fully set forth herein.

38. The grant of coverage in the Celina Policies provide in pertinent part that "if a claim is made or a 'suit' is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies, [Celina] will (1) pay up to [Celina's] limit of liability for damages for which the 'insured' is legally liable… and (2) provide a defense at [Celina's] expense by counsel of [Celina's] choice, even if the 'suit' is groundless, false or fraudulent. [Celina] may investigate and settle any claim or 'suit' that [Celina] decide[s] is appropriate."

39. The grant of coverage in the Celina Policies also provide in pertinent part that "[t]his insurance applies to 'bodily injury' and 'property damage' only if: (1) [t]he 'bodily injury'

or 'property damage' is caused by an 'occurrence'; (2) [t]he 'bodily injury' or 'property damage' occurs during the policy period.

40. The Celina Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

41. The allegations in the IDEM Notice and the IDEM Order do not allege an "occurrence" as that term is defined in the Celina Policies.

42. Celina seeks a judicial declaration that it owes no duty to defend or indemnify Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership for the claims asserted in the IDEM Notice and the IDEM Order under the Celina Policies because the allegations against them do not constitute an "occurrence" as that term is defined in the Celina Policies.

## COUNT II-LATE NOTICE

43. Celina incorporates its allegations contained in paragraphs 1-42 as if fully set forth herein.

44. The Conditions in the Celina Policies require written notice "as soon as possible" of an "occurrence" and to "promptly forward [to Celina] every notice, demand, summons or process relating to the accident or 'occurrence.'"

45. The IDEM Notice and the IDEM Order alleges that Larry Yeley was notified of the claim beginning in 2008.

46. Celina was first notified of the claims asserted by IDEM on January 25, 2022.

47. The notice to Celina was late.

48. Celina was prejudiced by the late notice.

49. Celina seeks a judicial declaration that it owes no duty to defend or indemnify Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership for the claims asserted in the IDEM Notice and the IDEM Order under the Celina Policies because the notice was late.

## COUNT III-FAILURE TO COOPERATE

50. Celina incorporates its allegations contained in paragraphs 1-49 as if fully set forth herein.

51. The Conditions in the Celina Policies require the insured "to cooperate with [Celina] in the investigation, settlement, or defense of any claim or 'suit.'"

52. After Larry Yeley submitted a claim to Celina, Celina requested the recorded statement of Larry Yeley on several occasions.

53. Larry Yeley refused to provide a recorded statement to Celina.

54. Celina sent written questions to Larry Yeley.

55. Larry Yeley has not provided responses to Celina's written questions.

56. Celina is prejudiced by Larry Yeley's failure to cooperate in the investigation of the claim.

57. Celina seeks a judicial declaration that it owes no duty to defend or indemnify Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership for the claims asserted in the IDEM Notice and the IDEM Order under the Celina Policies due to Larry Yeley's failure to cooperate.

## COUNT IV-EXCLUSION APPLIES

58. Celina incorporates its allegations contained in paragraphs 1-57 as if fully set forth herein.

59. The Celina Policies do not provide coverage for "bodily injury" or "property damage" "which is expected or intended by an 'insured.' This exclusion applies even if the resulting 'bodily injury' or 'property damage' is of a different kind, quality or degree than expected or intended, or is sustained by a different person, entity, real or personal property, than initially expected or intended."

60. The allegations in the IDEM Notice and the IDEM Order allege damages that Larry Yeley expected or intended.

61. Celina seeks a judicial declaration that it owes no duty to defend or indemnify Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership for the claims asserted in the IDEM Notice and the IDEM Order under the Celina Policy because the Lawsuit alleges damages that Larry Yeley expected or intended.

## COUNT V-EXCLUSION APPLIES

62. Celina incorporates its allegations contained in paragraphs 1-61 as if fully set forth herein.

63. The Celina Policies do not provide coverage for damage to property owned by an insured.

64. The Celina Policies do not provide coverage for damage to property which an insured occupies, uses or rents, or which is in the insured's care, custody or control.

65. The allegations in the IDEM Notice and the IDEM Order allege damage to property owned by Larry Yeley and/or Larry and Carol Yeley Family Limited Partnership.

66. The allegations in the IDEM Notice and the IDEM Order allege damage to property which Larry Yeley and/or Larry Yeley and Carol Yeley Family Limited Partnership occupies, uses, rents, or which is in their, care, custody or control.

67. Celina seeks a judicial declaration that it owes no duty to defend or indemnify Larry E. Yeley and Larry and Carol Yeley Family Limited Partnership for the claims asserted in the IDEM Notice and the IDEM Order under the Celina Policies because the IDEM Notice alleges damage to property which Larry Yeley and/or Larry Yeley and Carol Yeley Family Limited Partnership owns, occupies, uses, rents, or which is in their care, custody or control.

## **COUNT VI – OTHER TERMS**

68. Celina incorporates its allegations contained in paragraphs 1-67 as if fully set forth herein.

69. Celina seeks a judicial declaration that there is no coverage under the Celina Policies for the claims brought by IDEM against Larry Yeley and Larry Yeley and Carol Yeley Family Limited Partnership against under any other terms, conditions, exclusions, limitations, and endorsements of the Celina Policies that may apply.

WHEREFORE, Plaintiff, Celina Insurance Group, respectfully requests that the Court issue a judgment determining and declaring:

    a. There is no coverage under the Celina Policies for any claims against Larry Yeley and Larry Yeley and Carol Yeley Family Limited Partnership arising out of the allegations in the IDEM Notice and the IDEM Order.

    b. Celina is relieved from any duty to defend or indemnify Larry Yeley and Larry Yeley and Carol Yeley Family Limited Partnership for the claims asserted against them in the IDEM Notice and the IDEM Order; and

    c. all other appropriate relief.

Dated: May 5, 2022

                                                            Respectfully submitted,

*/s/ Anna M. Mallon*
Anna M. Mallon, Atty. No. 23693-49
PAGANELLI LAW GROUP
10401 N. Meridian St.
Suite 450
Indianapolis, in 46290
Phone: (317) 550-1855
Fax:     (317) 569-6016
Email: amallon@paganelligroup.com

*Attorney for Plaintiff Celina Insurance Group*