UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CELINA INSURANCE GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00865-JPH-TAB |
| | ) | |
| LARRY AND CAROL YELEY FAMILY LIMITED PARTNERSHIP, LARRY E YELEY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON JURISDICTION**

Plaintiff, Celina Insurance Group, has filed a complaint alleging that this Court has diversity jurisdiction over this matter. Dkt. 1 at 1. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). One of the defendants is a partnership, and the citizenship of a partnership is "the citizenship of every partner, limited as well as general." *Dvorak v. Granite Creek GP Flexcap I, LLC*, 908 F.3d 248, 250 (7th Cir. 2018); *see Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017).

Because Celina Insurance did not initially allege the citizenship of the defendant partnership, the Court issued a jurisdictional order. Dkt. 6. Celina Insurance's response identified two general partners and their business address in Indiana but did not otherwise address their citizenship. Dkt. 8. It also did not address whether the partnership has limited partners. *Id.* Since

1

then, Defendants have appeared and have answered the complaint but have not addressed their citizenship. See dkt. 12.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the Court **ORDERS** the parties to file a joint jurisdictional statement **by August 26, 2022**, addressing all general and limited partners of the defendant partnership and analyzing their citizenship. See *Baez-Sanchez*, 862 F.3d at 641.

**SO ORDERED.**

Date: 8/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Anna Muehling Mallon
PAGANELLI LAW GROUP
amallon@paganelligroup.com

Donald K. McClellan
MCCLELLAN & MCCLELLAN
outback3917@aol.com