UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CELINA INSURANCE GROUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00865-JPH-TAB |
| | ) |
| LARRY AND CAROL YELEY FAMILY | ) |
| LIMITED PARTNERSHIP, | ) |
| LARRY E YELEY, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Larry and Carol Yeley Family Limited Partnership (Yeley Family) owes the State of Indiana $12,500 in civil penalties because they engaged in "unpermitted regulated wetland clearing" on their land. Dkt. 40 at 8, 17. The Yeley Family requested coverage from Plaintiff Celina Insurance Group (Celina), which had issued farm insurance policies covering their land. Dkt. 31-1 at 3, 7. Celina seeks a declaratory judgment against the Yeley Family declaring that it does not owe them indemnification for the penalties or a duty to defend. Dkt. 1 at 11.

Celina filed a motion for summary judgment, dkt. [31], and for the reasons below, that motion is **GRANTED.**

**I.
Facts and Background**

Celina moved for summary judgment under Rule 56(a). Since the Yeley Family did not respond, the Court will assume that "the facts as claimed and supported by admissible evidence by the movant are admitted without

1

controversy" unless "it is shown that the movant's facts are not supported by admissible evidence" or "the facts . . . allow the court to draw reasonable inferences in the non-movant's favor." S.D. Ind. Local R. 56-1(f).

In 2008, the Indiana Department of Environmental Management (IDEM) inspected the Yeley Family land in Delaware County, Indiana, and issued a violation letter requesting that the Yeley Family restore wetlands that they had cleared for agricultural use in violation of environmental rules. Dkt. 31-6 at 1. IDEM continued its investigation, issuing four more violation letters in 2013 and 2014. *Id.* at 1–3. In 2018, IDEM concluded that the Yeley Family had not resolved the violations, imposed a $14,205 penalty, and ordered corrective measures. Dkt. 31-7 at 3–5. The Yeley Family challenged that order and requested an administrative hearing. Dkt. 31-8. In June 2023, the Indiana Office of Environmental Adjudication affirmed IDEM's order but reduced the penalty to $12,500. Dkt. 40 at 17.

Celina had issued annual insurance policies to the Yeley Family in 2011, 2012, and 2013. Dkts. 31-3, 31-4, 31-5. In 2022, the Yeley Family informed Celina about the penalty and requested coverage. Dkt. 31-9. Celina denied coverage in May 2022, dkt. 31-12, and then filed this action requesting a declaratory judgment that it does not owe the Yeley Family indemnification or a duty to defend for the IDEM penalty. Dkt. 1. Celina has moved for summary judgment. Dkt. 31-1 at 1.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the non-moving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

## III.
## Analysis

Insurance policy interpretation is "primarily a question of law." *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009).  When contractual language "is clear and unambiguous [Indiana courts] apply the plain and ordinary meaning." *Auto-Owners Ins. Co. v. Benko*, 964 N.E.2d 886, 890 (Ind. App. 2012).  "Policy terms are interpreted from the perspective of an ordinary policyholder of average intelligence." *Allgood v. Meridian Sec. Ins. Co.*, 836 N.E.2d 243, 246–47 (Ind. 2005).

Celina argues the policy it issued to the Yeley Family does not require it to indemnify the Yeley Family because the Celina policies cover "property damage" caused by an "occurrence."[1]  Dkt. 31-1 at 16–17; 31-3 at 39.  An occurrence is defined by the policy as "an accident."  Dkt. 31-3 at 21.  Celina contends that the land clearing was intentional, not accidental.  Dkt. 31-1 at 17–18.  The Yeley Family does not dispute that the violations occurred and has not designated evidence that they did not intentionally clear the land at issue.  *See* dkt. 31-8 at 3.

The Indiana Supreme Court addressed this policy language in *Sheehan Construction Company v. Continental Casualty Company* and defined an "accident" as "an unexpected happening without an intention or design."  935 N.E.2d 160, 170 (Ind. 2010).  It explained that "[i]mplicit in the meaning of 'accident' is the lack of intentionality."  *Id.*

Under this definition, the clearing of the Yeley Family's land would need to be an accident—an "unexpected happening"—to be covered.  But the undisputed designated evidence shows that the land clearing did not occur unexpectedly.  IDEM said that the Yeley Family "did not obtain a permit before clearing and grading a state regulated forested wetland," and in 2013, IDEM staff "found soybean stubble and un-harvested soybeans" in the area.  Dkt. 31-7 at 2–3; *see* dkt. 31-6 at 1; *see also* dkt. 31-8 at 3 (the Yeley Family petition for administrative review contesting the timing of the violation notice but

---

[1] The Yeley family purchased annual policies in February 2011, February 2012, and February 2013.  Dkt. 31-3, 31-4, 31-5.  These policies are substantively the same.  Therefore, citations will refer to the 2011 policy.

acknowledging "IDEM was aware of the clearing and agricultural activities"). The Yeley Family cleared the land intentionally, dkt. 40 at 11–18, so no reasonable interpretation of the word "accident" would cover the Yeley Family's actions. There is thus no genuine dispute of material fact, and the Celina policy does not cover the penalty.

Though the duty to defend is broader than the duty to indemnify, when "it is revealed that a claim is clearly excluded under the policy, then no defense is required." *Knight v. Ind. Ins. Co.*, 871 N.E.2d 357, 362 (Ind. App. 2007). Since the unambiguous language of the policies make clear that they do not cover the insured's intentional acts, Celina does not owe the Yeley Family a duty to defend.[2]

## IV.
## Conclusion

Celina's motion for summary judgment, dkt. [31] is **GRANTED.** Celina is entitled to a declaration that the Policy does not provide coverage for the claim. Celina does not have a duty to defend or indemnify the Yeley Family under the Policy. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 10/24/2023

                           *James Patrick Hanlon*
                           James Patrick Hanlon
                           United States District Judge
                           Southern District of Indiana

---

[2] Because Celina is entitled to summary judgment under the policies' plain language, the Court does not address its other arguments in support of summary judgment.

Distribution:

LARRY AND CAROL YELEY FAMILY LIMITED PARTNERSHIP
3641 W. State Road 234
McCordsville, IN 46055

LARRY E YELEY
3641 W. State Road 234
McCordsville, IN 46055

All electronically registered counsel.